STATE OF NORTH CAROLINA v. TOMMY (TOMMIE) ANDERSON

No. 6929SC353

(Filed 23 July 1969)

**1. Criminal Law § 9— aiders and abettors — principals**
Where two or more persons aid and abet each other in the commission of the crime, all being present and participating in its commission, then all are principals and equally guilty.

**2. Criminal Law §§ 9, 168; Robbery § 5— instructions — principal in first degree or second degree — harmless error**
Where the State's evidence in this armed robbery prosecution tended to show that both defendant and his co-defendant actively participated in

the robbery, defendant was not prejudiced by error in the court's instructions casting defendant in the role of principal in the first degree and the co-defendant as principal in the second degree, both being equally guilty.

**3. Criminal Law § 117— instructions — credibility of witnesses**
   The trial court did not err in failing to instruct the jury on the credibility of witnesses absent a request for such an instruction.

**4. Criminal Law § 117— instructions — character evidence**
   Character evidence is a subordinate feature of the case, and failure of the court to give an instruction as to the effect of such evidence is not error absent a request for such instruction.

On *certiorari* by defendant from *Anglin, J.*, May 1967 Session, HENDERSON Superior Court.

Defendant Tommy Anderson and co-defendant Nathaniel Stubbs were jointly charged in a bill of indictment proper in form with the felony of armed robbery. The defendants entered pleas of not guilty.

The State offered the testimony of F. T. Fleming and Stella Maude Fleming, husband and wife, which tended to show that they operated a small grocery business in Hendersonville, North Carolina; that on the night of 14 August 1966, they were outside their store locking up when the defendant and Stubbs attacked them; that the defendant had a pistol; that they were both beaten with the pistol; and that Stella Fleming's pocketbook with some thirty thousand dollars ($30,000.00) in United States currency was taken from them by the defendant and Stubbs. The State offered other testimony which further tended to show that the general reputation and character of Mr. and Mrs. Fleming in the community in which they lived was good. Mr. and Mrs. Fleming identified the defendant and Stubbs in court as the two men who robbed them.

There was no evidence offered by either defendant. Upon a jury verdict of guilty as charged and an active sentence of not less than fifteen nor more than twenty years, and upon an order allowing his petition for writ of *certiorari*, defendant Tommy Anderson appealed to this Court.

*Robert Morgan, Attorney General, by Dale Shepherd, Staff Attorney, for the State.*

*Prince, Youngblood, Massagee & Groce, by Edwin R. Groce, for defendant appellant.*

BROCK, J.

**[1, 2]**    Defendant argues that the trial court erred in the charge to the jury by casting the defendant in the role of principal in the first degree of the crime of armed robbery, and by casting co-defendant Stubbs as a principal in the second degree, and further charging the jury that it could find Stubbs guilty of armed robbery only after it had found defendant guilty of armed robbery. We do not agree with this argument. It is thoroughly established law in North Carolina that where two or more persons aid and abet each other in the commission of a crime, all being present and actively participating in its commission, then all are principals and equally guilty. *State v. McNair,* 272 N.C. 130, 157 S.E. 2d 660; *State v. Craddock,* 272 N.C. 160, 158 S.E. 2d 25; *State v. Spencer,* 239 N.C. 604, 80 S.E. 2d 670. The evidence disclosed that both defendants actively participated in the attack on and the robbery of Mr. and Mrs. Fleming; that defendant Stubbs grabbed Mrs. Fleming and was grabbing for the pocketbook, and that defendant Anderson had a pistol which he used to strike Mrs. Fleming in the face, forcing her to let go of the pocketbook. Upon such evidence the trial court may be guilty of technical error in not casting defendant Stubbs as a principal in the first degree. Even so, we are unable to perceive any prejudicial error toward defendant Anderson by the court's failure to properly cast defendant Stubbs as principal in the first degree. Furthermore, "[t]here is no practical difference between principals in the first and second degrees, since all are equally guilty." 2 Strong, N.C. Index 2d, Criminal Law, § 9, p. 492. This assignment of error is overruled.

**[3]**    Defendant assigns as error the failure of the court to charge the jury that they could, but were not compelled to do so, believe the testimony of witnesses. It is well established that no duty rests upon the trial court to charge the jury on the credibility of witnesses, absent a request for such instruction. This assignment of error is overruled upon authority of *State v. Reddick,* 222 N.C. 520, 23 S.E. 2d 909, and *State v. Anderson,* 208 N.C. 771, 182 S.E. 643.

**[4]**    Defendant next complains that the court erred in failing to charge the jury that testimony given as to the good character of the prosecuting witnesses could not be considered as substantive evidence of guilt or innocence, but only as to their credibility as witnesses. Our Supreme Court has held that character is a subordinate feature of the case, and a special request must be made of the court if the court is to be held for error in failing to charge the jury as to the effect of character evidence. *State v. Burell,* 252 N.C. 115,

113 S.E. 2d 16. Since defendant did not request special instruction, this assignment of error is also overruled.

In the trial we find

No error.

CAMPBELL and MORRIS, JJ., concur.