STATE OF NORTH CAROLINA v. LUCILE TIPTON  (#69-829)

No. 7028SC220

(Filed 6 May 1970)

**1. Criminal Law § 166— abandonment of assignment of error**

Assignment of error not brought forward in the brief is deemed abandoned. Court of Appeals Rule No. 28.

**2. Criminal Law § 89; Evidence § 15— lack of positiveness in testimony.— admissibility**

The trial court did not err in the admission of testimony that the witness "thought" defendant came in a night club "around" 12:30 or 1:00, the lack of definiteness and positiveness in the testimony affecting only the credibility of the witness, of which the jury is the sole judge.

**3. Criminal Law §§ 87, 175— allowance of leading questions**

In this prosecution for assault with intent to kill inflicting serious injury not resulting in death, no abuse of discretion or prejudice has been shown in the court's allowance of leading questions by the solicitor.

**4. Criminal Law § 112— instructions — presumption of innocence**

The trial court did not err in failing to add to the charge on the presumption of innocence an instruction that such presumption remains with defendant throughout the trial absent a request by defendant for such further instruction.

**5. Criminal Law § 112— instructions — failure to define reasonable doubt**

The trial court did not err in failing to define reasonable doubt absent a request by defendant.

APPEAL by defendant from *Snepp, J.,* 11 November 1969 Session of BUNCOMBE County Superior Court.

Defendant was tried under a valid bill of indictment charging her with assault with a deadly weapon with intent to kill inflicting serious injury not resulting in death. She was convicted of assault with a deadly weapon per se, inflicting serious injury and sentenced to five years in the Women's Division of the State Prison.

The evidence for the State tends to show that the prosecuting witness and her husband were dancing at a night club in Asheville and that the defendant came by and grabbed the "privates" of the husband of the prosecuting witness. After a verbal exchange with the defendant, the prosecuting witness and her husband returned to their table. About an hour later, the prosecuting witness and her husband were going to get some potato chips and went past the defendant's table, where another verbal exchange took place. The prosecuting witness testified: "The first thing I knew, I felt a lick in my left side down below my rib cage." Another witness testified that he did not know the defendant but that he had seen the prosecuting witness and her husband in the night club before and had spoken to the husband before. He further testified that on the occasion in question, he saw the defendant stab the prosecuting witness with a knife about "9 or 10 inches long and it looked like a fish scaling knife; . . . I would say the blade was four or five inches long."

The evidence for the defendant placed her at the night club on the night in question, but she denied the stabbing and testified that she left before the prosecuting witness. Defendant had court-appointed counsel for trial, but retained private counsel to prosecute her appeal. She was permitted to appeal in forma pauperis.

*Attorney General Robert Morgan by Staff Attorney Edward L. Eatman, Jr., for the State.*

*Horton and Horton by Shelby E. Horton for defendant appellant.*

MORRIS, J.

[1] Defendant's brief contains no statement of facts as required by Rules 27½ and 28 of the Rules of Practice in the Court of Appeals of North Carolina, nor does defendant bring forward assignment of error No. 3 in her brief. We, therefore, deem it abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

**[2, 3]** By assignments of error Nos. 1, 2 and 4 defendant contends that the court erred in "allowing leading and/or speculative and/or prejudicial questions to be asked of interested witnesses." Defendant excepted to the court's permitting a witness to testify that "I think she (defendant) came in around 12:30 or 1:00." This exception is without merit. Even though the witness used the words "think" and "around", the lack of definiteness and positiveness in her testimony could only affect her credibility, and of this the jury is the sole judge. *State v. Ham,* 224 N.C. 128, 29 S.E. 2d 449 (1944). Defendant's other two assignments of error are bottomed on the court's permitting leading questions. The permitting of leading questions is within the discretion of the trial judge, especially in cases requiring evidence of the type which arose in this case, and will not be reviewed on appeal in the absence of a showing of abuse of that discretion. *State v. Pearson,* 258 N.C. 188, 128 S.E. 2d 251 (1962), and cases there cited. Defendant has shown no prejudice nor abuse nor do we perceive any. Assignments of error Nos. 1, 2 and 4 are overruled.

**[4]** By assignment of error No. 5 defendant asserts that the court committed reversible error in failing to add to his charge on presumption of innocence an instruction that such presumption remains with the defendant throughout the trial. It is not error to fail to charge on presumption of innocence. *State v. Perry,* 226 N.C. 530, 39 S.E. 2d 460 (1946). "The presumption of innocence is a subordinate feature of the cause and if the defendants desired an amplification of the charge in this respect, they should have so requested at the time." *State v. Perry, supra,* 534. This assignment of error is not sustained.

**[5]** Defendant contends by assignment of error No. 6 that it was error for the court to fail to define reasonable doubt. The case of *Williams v. U. S.,* 271 F. 2d 703 (4th Cir. 1959), the only case cited in defendant's brief, is not persuasive authority for her position in view of the long established rule in this State that the court is not required to define the term reasonable doubt in the absence of a request. See 3 Strong, N.C. Index 2d, Criminal Law, § 112, footnote 88 and 1969 supplement thereto. The record shows no request by defendant for such a definition.

No error.

PARKER and VAUGHN, JJ., concur.