STATE OF NORTH CAROLINA v. CURTIS GEER, JR.

No. 747SC128

(Filed 20 November 1974)

1. **Criminal Law § 102— solicitor's jury argument — supporting evidence**

    In this homicide prosecution, the solicitor's jury argument that defendant would also have killed a friend of deceased who was present at the shooting had his pistol contained additional bullets was supported by evidence that defendant had shot at deceased's friend as well as at deceased and that all the bullets in defendant's pistol were discharged.

2. **Criminal Law § 112— presumption of innocence — failure to give tendered instruction**

    The trial court did not err in failing to give a tendered instruction "about the presumption of innocence surrounding the defendant and the continuation of the presumption throughout the course of the trial" where the court instructed the jury that defendant was presumed to be innocent and that the burden was on the State to prove him guilty beyond a reasonable doubt.

3. **Criminal Law § 113— significance of failure to produce diagram — absence of instruction**

    The trial court did not err in failing to instruct the jury concerning the significance of the State's failure to produce a diagram which was part of the official investigative record where there was no evidence as to who had made the original diagram and whether it was accurately drawn.

4. **Criminal Law §§ 46, 113— failure to define "flight"**

    The trial court in a homicide case did not err in failing to define the word "flight" in connection with the court's instruction on consideration of flight as evidence of guilt.

APPEAL by defendant from *Webb, Judge,* July 1973 Criminal Session of Superior Court held in WILSON County.

By bill of indictment proper in form defendant was charged with the first-degree murder of one Billy Ray Dawson. Defendant pled not guilty. Jerome Thomas, a witness for the State, testified that he saw defendant shoot Dawson in the head with a pistol. There was evidence that Dawson died shortly thereafter as a result of the wound thus inflicted. Defendant admitted that he shot Dawson, but testified he did so in self-defense.

The jury found defendant guilty of second-degree murder, and from judgment imposing a prison sentence, defendant appealed.

*Attorney General Morgan by Assistant Attorney General Sidney S. Eagles, Jr., and Associate Attorney E. Thomas Maddox, Jr., for the State.*

*William H. Holdford for defendant appellant.*

PARKER, Judge.

[1] Defendant assigns error to the trial court's failure to sustain his objection to a portion of the solicitor's final argument to the jury in which the solicitor intimated that the defendant, had his pistol contained additional bullets, would have also killed Jerome Thomas, a friend of the deceased who was present at the shooting. We do not think, however, that in so ruling the trial court abused its discretion. The solicitor's speculation was well founded. There was evidence that the defendant shot at Thomas as well as at the deceased and that all the bullets in defendant's pistol were discharged. Furthermore, in this context, we find no prejudicial error when the trial judge, in denying defendant's motion, said, "Well, I believe there is some evidence of it." The trial court was simply being accurate.

[2-4] Defendant next assigns error to three portions of the court's charge to the jury. First, defendant contends that the court erred in ignoring that portion of his tendered request for jury instructions which moved the court to charge "about the presumption of innocence surrounding the defendant and the continuation of the presumption throughout the course of the trial." Although the court did not employ the exact words requested by defendant, the court did clearly instruct the jury that defendant was presumed to be innocent and that the bur-

den was on the State to prove him guilty beyond a reasonable doubt. We find the instruction adequate and that defendant suffered no prejudicial error in the court's failure to further elaborate on the matter. Second, defendant contends that the trial court erroneously failed to instruct the jury concerning "the significance of the State's failure to produce a diagram which was part of the official investigative record." Again, there was no error. Although defense counsel had access to the investigative record at the trial, and appears to have made a copy of the diagram in question, there was no evidence as to who had made the original diagram or whether it was accurately drawn. Since the requisites for admissibility of the diagram were lacking, the defendant can hardly seek to penalize the State for failure to introduce it. Finally, defendant contends that the trial court erred in not defining the word "flight" in connection with the court's instruction that the jury might consider evidence of flight, "together with all other facts and circumstances in this case, in determining whether the combined circumstances amount to an admission or show a consciousness of guilt." Given the relatively simple facts of this case and the defendant's failure to ask the trial court for the definition he now contends should have been given, the court did not err in failing to define this word, which was being used in its common, everyday sense.

Other assignments of error noted in the record have not been brought forward in appellant's brief and are deemed abandoned. In defendant's trial and in the judgment appealed from we find

No error.

Chief Judge BROCK and Judge BALEY concur.