STATE OF NORTH CAROLINA v. TERRY STEVEN LANKFORD & JOSEPH BENJAMIN BOUDREAU

No. 755SC757

(Filed 18 February 1976)

1. Criminal Law § 66— in-court identification of defendants — observation at crime scene as basis

A witness's in-court identification of defendants as the men who robbed her at gunpoint was not tainted by any out of court confrontation where the evidence tended to show that the witness observed defendants about ten minutes before the robbery when they came into the store to make a purchase, the store was well lighted at the time of the robbery, and the defendants were unmasked.

2. Robbery § 4—armed robbery — sufficiency of evidence

Evidence was sufficient to be submitted to the jury in a prosecution for armed robbery where such evidence tended to show that both defendants were at the crime scene, both took money from the cashier, and both handled a gun which was used in perpetration of the crime.

3. Criminal Law § 50— expert testimony — no finding of expertise — testimony proper

The trial court did not err in allowing a State's witness to testify that silver nitrate turns black or gray upon coming in contact with moisture, though there was no express finding that the witness was an expert, since defendant made no request for such a finding.

4. **Criminal Law § 113— aiding and abetting — jury instructions proper**

The trial court's instructions on aiding and abetting were proper, though the court did not specifically instruct that the principal in the second degree and the principal perpetrator of the crime must have a "shared felonious intent."

5. **Criminal Law § 118— charge on contentions of parties — misstatement — consideration on appeal**

A misstatement of the contentions of the parties must be brought to the court's attention in apt time to afford opportunity for correction in order for an exception thereto to be considered on appeal, unless the misstatement was so gross that no objection at the trial was necessary.

APPEAL by defendants from *Fountain, Judge.* Judgment entered 18 April 1975 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 19 January 1976.

Defendants were charged with armed robbery and entered a plea of not guilty.

Evidence for the State tended to show the following facts: Carolyn Caton was working at the 7-11 Store, located on South College Road. She was the only employee working at the store on the night of 13 March 1975. Defendants entered the store when she was working about 10:00 p.m. on 13 March 1975, purchased an item and left. They returned in a few minutes and with the use of a pistol robbed her of $200.99 and locked her in a back room. A customer saw defendants leave, described their car to police and they were apprehended shortly after 10:30 p.m. When defendants were taken into custody, a pistol and knife were observed on the front seat of their car and rolls of money were observed in the open glove compartment and were seized by the police. Some of the bills had theretofore been covered with silver nitrate, a powder which turns dark upon exposure to moisture. These bills had been given to Caton in November 1974 and were the same bills that were found in defendant's car. The defendant Boudreau had a black substance on his hands when arrested.

Lankford presented evidence which tended to show that he knew nothing of the robbery before Boudreau demanded money from Caton; that he did not participate in the robbery; that he had borrowed the pistol from a friend earlier in the evening for protection at his apartment.

Boudreau offered no evidence.

---

State v. Lankford

---

The jury found defendants guilty of armed robbery and from judgments imposing prison sentences, defendants appealed.

*Attorney General Edmisten by Assistant Attorney General Charles J. Murray, for the State.*

*Prickett & Scott, by Carlton S. Prickett, Jr., for defendant Lankford.*

*James A. MacDonald, for defendant Boudreau.*

MARTIN, Judge.

[1] Defendants contend their in-court identification by Carolyn D. Caton was based on unnecessarily suggestive pretrial identification procedures which violated due process.

Our Court has generally held that an in-court identification of the accused by a witness who took part in such pretrial confrontation must be excluded unless it is first determined by the trial judge on voir dire that the in-court identification is of independent origin and thus not tainted by the illegal pretrial identification procedure. *State v. Henderson,* 285 N.C. 1, 203 S.E. 2d 10 (1974); *State v. Bass,* 280 N.C. 435, 186 S.E. 2d 384 (1972); *State v. Smith,* 278 N.C. 476, 180 S.E. 2d 7 (1971).

Although the practice of showing suspects singly for identification purposes has been recognized as suggestive and widely condemned, whether such a confrontation violates due process depends on the totality of the circumstances. *Neil v. Biggers,* 409 U.S. 188, 34 L.Ed. 2d 401, 93 S.Ct. 375; *State v. Shore,* 285 N.C. 328, 204 S.E. 2d 682 (1974). *State v. Henderson, supra.*

In *Neil v. Biggers, supra,* the United States Supreme Court considered the scope of due process protection against the admission of evidence derived from suggestive identification procedures and held that even if a pretrial confrontation procedure was suggestive, there is no violation of due process if examination of the "totality of the circumstances" indicates the identification was reliable. The factors set out by the Court " . . . to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confronta-

tion, and the length of time between the crime and the confrontation."

In the present case, the record discloses that the robbery took place in a well lighted store. The defendants were unmasked. Mrs. Caton had seen the defendants ten minutes prior to the robbery and had a casual conversation with one of the defendants concerning purchases. The defendants ordered Mrs. Caton not to tell the police, and if she did, they would come back. She had ample opportunity to observe the defendants prior to and during the robbery. The witness' curiosity had been aroused by the defendant Lankford's return to the store after a short interval and by the defendant Boudreau's honking of the horn. After seeing the pistol and being told it was not a joke, the victim realized that she was being robbed and from that point on would obviously be paying close attention to the events that were taking place. Mrs. Caton's description of the defendants was not placed in the record on appeal, and its accuracy cannot be determined. There was no equivocation by the witness when she identified the defendants. She testified as follows: "I just walked to the door and identified them," and "[w]hen I walked out I nodded my head and I told Walt Moser it was the two boys." There was approximately a one hour period between the crime and the identification.

Further, the trial court found and concluded that " . . . the witness can and does identify each of them independently of having seen them at the sheriff's office or at any place thereafter and can identify them based solely on observations of each defendant while in the store operated by her on the evening of March 13th and as to such identification of them while in her store the objection is overruled." Since this finding is supported by competent evidence, it alone renders the in-court identification competent even if it be conceded *arguendo* that the lineup or showup procedure was improper. *State v. Shore, supra.* The finding, supported by competent evidence, is conclusive on appeal and must be upheld. *State v. Shore, supra; State v. Tuggle,* 284 N.C. 515, 201 S.E. 2d 884 (1974).

Weighing all the factors, we find no substantial likelihood of misidentification. The totality of the circumstances indicates that the identification was reliable and hence no violation of due process was committed.

[2] The defendants next assign as error the court's denial of their motion for a directed verdict of not guilty at the con-

clusion of the State's evidence. Both defendants contend there was no evidence to support the elements of the offense of armed robbery and that only the lesser offense of common law robbery should have been submitted to the jury.

The State's evidence tended to show that both defendants were standing at the counter. When the door opened to the cash register, Boudreau told Mrs. Caton to give him the money. He pulled a pistol and pointed it toward the cash register. She put the money from both cash registers on the counter and both defendants picked it up. Lankford handed the money to Boudreau who was putting it in his pockets. Both defendants told her to go in the back room where Lankford told her to put her hands on the top shelf and turn her back to them. Boudreau threw the gun to Lankford and told him to hit her. Lankford told her to tell the police that two black men robbed her or they would return. They then locked the door and left.

The evidence thus adduced by the State tended to establish that Boudreau was armed with a pistol, that he took the money in question from Caton by the use and threatened use of such pistol, and that he thereby threatened, if he did not in fact, actually endanger the life of Caton, and that Lankford was present, actively participating and assisting Boudreau to do such acts. Consequently, the evidence is amply sufficient to support a finding that Boudreau actually committed the crime of robbery with firearm upon Caton within the meaning of the statute and that Lankford was present, aiding and abetting him in its perpetration.

[3] In his next assignment of error the defendant Lankford argues that it was error for the State's witness to testify that the substance silver nitrate turns black or gray upon coming in contact with moisture since there was no express finding that the witness was an expert.

Defendant made no request for a finding that the witness was qualified to give opinion testimony as an expert witness, and "[i]n the absence of a request by the appellant for a finding by the trial court as to the qualification of a witness as an expert, it is not essential that the record show an express finding on this matter, the finding, one way or the other, being deemed implicit in the ruling admitting or rejecting the opinion testimony of the witness." *State v. Perry,* 275 N.C. 565, 169 S.E. 2d 839 (1969). This assignment of error is overruled.

**[4]** We find no merit in defendant Lankford's assignment of error relating to the charge on aiding and abetting. Defendant contends that the judge did not "instruct the jury that a principal in the second degree must share the same criminal intent as the principal perpetrator of the crime."

The instructions clearly conveyed the concept of a shared felonious intent although those exact words were not used. There is no requirement that those words must be used. "No exact forms or words are required to properly instruct a jury upon 'aiding and abetting' or 'felonious intent'. See *State v. Mundy*, 265 N.C. 528, 144 S.E. 2d 572 (1965) ; *State v. Anderson*, 5 N.C. App. 492, 168 S.E. 2d 444 (1969). When the *entire* 'Charge of the Court' as it appears in the record on appeal is considered as a contextual whole, we hold that it is free from prejudicial error." *State v. Westry*, 15 N.C. App. 1, 189 S.E. 2d 618 (1972).

Defendant Boudreau contends that the trial court erred in its charge to the jury when it stated that both defendants contended that they were in the store when in fact, the defendant Boudreau did not testify. We find this contention to be without merit.

**[5]** A misstatement of the contentions of the parties must be brought to the court's attention in apt time to afford opportunity for correction in order for an exception thereto to be considered on appeal, unless the misstatement was so gross that no objection at the trial was necessary. *State v. Brown*, 280 N.C. 588, 187 S.E. 2d 85 (1972). Since the defendant did not object at the time of the charge, and since the remainder of the court's charge made it clear that the trial judge was referring to the contentions of the defendant Lankford and not to both of the defendants, any possible error committed by the court was harmless.

We have carefully considered defendant Boudreau's remaining assignment of error and conclude that if error was committed, it was not sufficiently prejudicial to warrant a new trial.

As to each defendant, we find

No error.

Judges VAUGHN and CLARK concur.