STATE OF NORTH CAROLINA v. ROY DALE CORNELL

No. 8024SC828

(Filed 3 March 1981)

1. **Criminal Law § 91– no denial of speedy trial**

    There was no merit to defendant's contention that the trial court erred in denying his motion to dismiss for failure to provide a speedy trial where defendant was indicted on 4 September 1979; defendant voluntarily made himself unavailable for trial at the 17 December 1979 session of court; the next session of criminal court scheduled in that county commenced on 7 January 1980; on 8 January 1980 defendant filed *pro se* a motion "for a speedy trial"; the period between 17 December 1979 and 7 January 1980 was properly excluded by the trial court as a "period of delay resulting from the absence or unavailability of defendant"; with this exclusion, the requisite 120 days had not elapsed when defendant filed his 8 January 1980 motion, and therefore the applicable time limit specified by G.S. 15A-701 had not expired; and

State v. Cornell

because a motion for prompt trial under G.S. 15A-702 is appropriate only when the applicable time limit specified by G.S. 15A-701 has not been met, and because, as a result of the exclusion of the period of delay resulting from the absence of defendant, the applicable time limit had been met, the trial court correctly concluded that defendant's motion could not be treated as a motion for prompt trial under G.S. 15A-702.

2. **Larceny § 9– acquittal of breaking or entering – verdict of guilty of felonious larceny improper**

Where defendant was acquitted of felonious breaking or entering, he could not be convicted of felonious larceny based on the felonious breaking or entering charge, and the jury's verdict of guilty of felonious larceny must be treated as a verdict of guilty of misdemeanor larceny.

APPEAL by defendant from *Ervin, Judge.* Judgment entered 28 March 1980 in Superior Court, WATAUGA County. Heard in the Court of Appeals 14 January 1981.

Defendant was indicted for the felonious breaking or entering of a building and felonious larceny after breaking or entering. The jury returned verdicts of not guilty of felonious breaking or entering, and guilty of felonious larceny after breaking or entering.

From a judgment of imprisonment for not less than ten years nor more than ten years, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Charles M. Hensey, for the State.*

*Robert A. Bell for defendant appellant.*

WHICHARD, Judge.

[1] Defendant first contends the trial court erred "in denying [his] motion to dismiss for failure to provide a speedy trial." A defendant in a criminal case has the burden of proof in supporting a motion to dismiss for failure to comply with the time limits for commencement of trial imposed by G.S. 15A-701. G.S. 15A-703 (1978). The State, however, has "the burden of going forward with evidence in connection with excluding periods from computation of time" in determining whether the applicable time limitations have been complied with. *Id.*

The defendant here presented, at the hearing on his motion to dismiss for failure to comply with the Speedy Trial Act, evidence tending to show the following: He was indicted on 4

September 1979. On 8 January 1980 he filed, *pro se,* a motion "for a speedy trial." His trial commenced 26 March 1980, considerably beyond the 120 day limit from the time of indictment imposed by G.S. 15A-701(a1)(1).[1]

The State offered evidence, stipulations, or argument in response tending to show the following: Defendant was indicted on 4 September 1979 in this and two other cases. Between defendant's indictment and the session at which he was tried, three criminal sessions of Superior Court were held in Watauga County. These sessions commenced on 17 December 1979, 7 January 1980 and 11 February 1980. Defendant's cases were calendared for the 17 December 1979 session, but defendant failed to appear. The trial of one of the other cases against defendant at the 7 January 1980 session resulted in a mistrial. One of the cases against defendant was calendared and tried at the 11 February 1980 term. The other two cases, including this one, were also calendared; but the trial court entered an order finding they could not be heard, and therefore continued them. After appropriate exclusions from computation were made, a period of 122 days had elapsed since indictment of defendant.

The trial court, after finding facts, concluded that Watauga is a county with a "limited number of court sessions" within the meaning of that phrase as used in G.S. 15A-702; and that, consequently, the State was not required to try defendant within 120 days.[2] It further found that defendant's motion was "not a motion for a prompt trial within the meaning of G.S. 15A-702" and concluded that the defendant had never made a "demand for a prompt trial within the meaning of G.S. 15A-702 and that the Court had no obligation in the absence of such a demand to schedule his case for trial in any county other than Watauga County."

---

[1]G.S. 15A-701(a1)(1) applies to the trial of a defendant "who is arrested, served with criminal process, waives an indictment or is indicted, on or after October 1, 1978, and before October 1, 1980." Defendant here was indicted 4 September 1979.

[2]G.S. 15A-701(b)(8) provides for exclusion in computing the time within which the trial of a criminal case must begin of "[a]ny period of delay occasioned by the venue of the defendant's case being within a county where due to limited number of court sessions scheduled for the county, the time limitations of [G.S. 15A-701] cannot reasonably be met."

Defendant does not contend the court erred in finding that Watauga is a county with limited court sessions. On the contrary, his brief states: "In passing we note that Watauga County is one of those counties for whose purposes NCGS 15A-702 was designated." He appears to contend, however, that his 8 January 1980 motion was "a motion for prompt trial" pursuant to G.S. 15A-702. The ground for this contention is that in the motion he did request that he be brought to trial as soon as possible. G.S. 15A-702 provides that if the venue of a defendant's case is in a county where due to the limited number of court sessions "the applicable time limit specified by G.S. 15A-701 has not been met," the defendant may file a motion for prompt trial. The court may then order the case brought to trial within not less than 30 days, and defendant by filing the motion "accepts venue anywhere within the judicial district."

In *State v. Rogers*, 49 N.C. App. 337, 341, 271 S.E. 2d 535, 538 (1980), we suggested "that trial courts hereafter in determining exclusionary periods under the Speedy Trial Act detail for the record findings of fact and conclusions of law . . . ." The findings of fact and conclusions of law here do not adequately detail the factual basis for the trial court's conclusion that the defendant "never made a demand for a prompt trial within the meaning of G.S. 15A-702." The evidence in the record nevertheless supports the conclusion.

Between defendant's 4 September 1979 indictment and the filing of his 8 January 1980 motion, a period of 126 days elapsed. Nothing else appearing, "the applicable time limit specified by G.S. 15A-701 [(120 days)] ha[d] not been met." Defendant had, however, voluntarily made himself unavailable for trial at the 17 December 1979 session. The next session of criminal court scheduled in Watauga County commenced 7 January 1980. The period between 17 December 1979 and 7 January 1980 was thus properly excluded as a "period of delay resulting from the absence or unavailability of the defendant." G.S. 15A-701(b)(3) (Supp. 1979). With this exclusion, the requisite 120 days had not elapsed when defendant filed his 8 January 1980 motion. When the motion was filed, therefore, the applicable time limit specified by G.S. 15A-701 had not expired. Because a motion for prompt trial under G.S. 15A-702 is appropriate only when "the applicable time limit specified by G.S. 15A-701 has not been met," and because, as a result of the exclusion of the period of

delay resulting from the "absence or unavailability of the defendant," the applicable time limit had been met here, the trial court correctly concluded that defendant's motion could not be treated as a motion for prompt trial under G.S. 15A-702. Defendant's assignment of error to the denial of his motion is thus overruled.

[2] Defendant next contends the court erred in allowing verdicts which were inconsistent. The jury returned verdicts of not guilty as to the breaking or entering count and guilty as to the felonious larceny count.

> Our courts have repeatedly held that where a defendant is tried for breaking or entering and felonious larceny and the jury returns a verdict of not guilty of felonious breaking or entering and guilty of felonious larceny, it is improper for the trial judge to accept the verdict of guilty of felonious larceny unless the jury has been instructed as to its duty to fix the value of the property stolen; the jury having to find that the value of the property taken exceeds $200.00 for the larceny to be felonious.

*State v. Keeter*, 35 N.C. App. 574, 575, 241 S.E. 2d 708, 709 (1978), and cases cited.[3] The indictment here stated the value of the property wrongfully taken as one hundred ninety dollars. No evidence as to the value of the property was adduced at trial. The court did not instruct the jury as to the duty to fix the value of the property and did not submit an issue of misdemeanor larceny.

It is the rule in this jurisdiction that "if the jury does not find the defendant guilty of felonious breaking or entering, it cannot find him guilty of felonious larceny based on the charge of felonious breaking or entering." *Keeter*, 35 N.C. App. at 575, 241 S.E. 2d at 709. Thus the defendant here, having been acquitted of felonious breaking or entering, could not be convicted of felonious larceny based on the felonious breaking or entering charge; and the judgment of felonious larceny must be vacated. It is also the rule that "although the judgment of felonious

---

[3]G.S. 14-72 has been amended to increase the value which the stolen property must exceed to constitute a felony from $200.00 to $400.00, effective 1 January 1980. 1979 Session Laws, ch. 408. Because the offense committed by defendant occurred on or about 11 May 1979, the $200.00 figure applies to this case.

larceny must be vacated where no instructions were given on value, the verdict will stand, and the case is to be remanded for entering a sentence consistent with a verdict of guilty of misdemeanor larceny." *Keeter*, 35 N.C. App. at 575, 241 S.E. 2d at 709.

We therefore vacate the judgment and remand the case to the trial court for entry of a judgment as upon a verdict of guilty of misdemeanor larceny.

Vacated and remanded.

Judges WEBB and MARTIN (Harry C.) concur.