JACQUELINE W. GWALTNEY v. MARGARET M. KEATON, GERALD
STEWART TRIPLETT AND JAMES GILBERT CANTER

No. 7522SC906

(Filed 7 April 1976)

1. Automobiles § 45— blood alcohol test — improper foundation laid —
admission of evidence harmless error

In an action to recover damages sustained when defendant
Keaton's car struck the motorcycle upon which plaintiff was a pas-
senger, error of the trial court in admitting evidence of a blood
alcohol test given the driver of the motorcycle was not prejudicial to
defendant Keaton, since there was no evidence tending to establish any
connection between the driver's drinking and the cause of the acci-
dent.

2. Automobiles § 99— driver of motorcycle not owner — failure to submit
negligence of owner to jury — no prejudice

In an action to recover damages sustained when defendant
Keaton's car struck the motorcycle upon which plaintiff was a pas-
senger, defendant Keaton was not prejudiced by the trial court's
failure to submit to the jury the negligence of the owner of the
motorcycle, since the uncontradicted evidence showed that plaintiff
and the driver of the motorcycle, who had borrowed it from its owner,
were traveling to the beach on a social outing at the time of the acci-
dent. G.S. 20-71.1.

3. Automobiles § 94— passenger on motorcycle — contributory negligence
— insufficiency of evidence

In an action to recover damages sustained when defendant
Keaton's car struck the motorcycle upon which plaintiff was a pas-
senger, the trial court did not err in failing to submit the issue of
plaintiff's contributory negligence to the jury since the evidence dis-
closed no circumstances where plaintiff, acting with the due care of
a reasonably prudent person, had reason to be apprehensive as to the
manner in which the motorcycle was being operated, and there was no
evidence that a person of ordinary prudence, under same or similar
circumstances, would have remonstrated with the operator.

4. Rules of Civil Procedure § 59; Trial § 52— claim of inadequate damages
awarded — new trial discretionary

Defendant's contention that the damages awarded him by the
jury were inadequate and that the court should have added to the
verdict or set it aside and awarded him a new trial was untenable,
since the court had no power to add to the verdict, a motion for new
trial on the ground of inadequate damages is addressed to the discre-
tion of the trial judge, and defendant failed to show any abuse of dis-
cretion.

APPEAL by defendants Keaton and Triplett from *Martin
(Perry), Judge.* Judgment entered 31 May 1975 in Superior

Court, ALEXANDER County. Heard in the Court of Appeals 20 February 1976.

Plaintiff instituted this action to recover damages sustained when Margaret Keaton's car struck the motorcycle upon which plaintiff was a passenger. Plaintiff alleged that the accident was caused by the negligence of Margaret Keaton and Gerald Triplett, the driver of the motorcycle. Plaintiff further alleged that Triplett was the agent of James Canter, the owner of the motorcycle, and that Canter was also liable for her damages.

Defendants Triplett and Canter answered and denied that Triplett was negligent and further denied that Triplett was Canter's agent. Triplett and Canter cross-claimed against Margaret Keaton alleging that the accident was caused solely by her negligence. Mrs. Keaton answered and denied that she was negligent, and she asserted a cross-claim against Canter and Triplett.

The evidence at trial tended to establish that Triplett borrowed Canter's motorcycle for a beach trip, and plaintiff went with Triplett as a passenger. Triplett testified that he drank about three beers earlier in the afternoon. As the plaintiff and Triplett traveled down Paul Payne Road, Triplett stated that he observed Mrs. Keaton's car coming from the opposite direction and traveling slowly. Triplett testified that he was driving fifty or fifty-five miles per hour and that Mrs. Keaton made a left turn into a driveway across his lane of travel. Triplett was unable to stop and could not avoid hitting Mrs. Keaton's car. Plaintiff and Triplett were injured as a result of the accident.

Mrs. Keaton's evidence tended to show that she was driving one of her daughter's friends home when she missed her proper turn. Mrs. Keaton stated that, because she missed her turn, she intended to pull into a driveway and turn around. She testified that she slowed down, gave a turn signal, and looked for on-coming traffic but did not see any. As she made her turn her car was hit in the side by the motorcycle. A witness to the accident testified that the motorcycle was traveling faster than fifty-five miles per hour, and the investigating officer testified that immediately after the accident he smelled the odor of alcohol on Triplett's breath.

At the conclusion of the evidence the court granted Cantor's motion for directed verdict as to Mrs. Keaton's cross-claims against him. The jury found that the plaintiff and Triplett were

injured as a result of Margaret Keaton's negligence. The jury further determined that Triplett was not contributorily negligent. Judgment was entered for the plaintiff in the amount of $11,625, for Triplett in the amount of $2,000, and for Canter in the amount of $937 for damages to his motorcycle. From the judgment defendants Keaton and Triplett appealed to this Court.

*McElwee, Hall and McElwee, by John E. Hall, for plaintiff appellee.*

*Mitchell, Teele and Blackwell, by Hugh A. Blackwell, for defendant appellant.*

*Patrick, Harper and Dixon, by Stephen M. Thomas, and West, Groome and Baumberber, by Carroll D. Tuttle, for defendant appellee-cross appellant.*

ARNOLD, Judge.

### DEFENDANT KEATON'S APPEAL

[1] In response to a question concerning a blood alcohol test administered to defendant Triplett following the accident, Triplett testified that the results of the test were ".02." It is correctly contended by defendant Keaton that an appropriate foundation was not laid in order to properly admit this testimony into evidence. *State v. Powell*, 279 N.C. 608, 184 S.E. 2d 243 (1971); *State v. Caviness*, 7 N.C. App. 541, 173 S.E. 2d 12 (1970). However, we fail to see any prejudice to defendant Keaton by the admission of the results of the blood alcohol test since there was no evidence tending to establish any connection between Triplett's drinking and the cause of the accident.

[2] We also fail to see prejudicial error in the trial court's directed verdict as to defendant Canter. Mrs. Keaton argues that under G.S. 20-71.1, the evidence of Canter's ownership of the motorcycle was sufficient to take the case to the jury, and she contends that it was error to direct a verdict for Canter. It is true that ownership of the vehicle would be sufficient to take the case to the jury under G.S. 20-71.1, but the uncontradicted evidence proved that plaintiff and Triplett were traveling to the beach on a social outing at the time of the accident. Where the evidence clearly establishes that the defendant was operating the vehicle on a purely personal mission the defendant is entitled, without request, to a peremptory instruction on the

issue. Therefore, we hold that no prejudice has been shown, and that the error is harmless. *See Belmany v. Overton,* 270 N.C. 400, 154 S.E. 2d 538 (1967).

[3]  Contributory negligence on the part of plaintiff was not submitted as an issue to the jury and defendant Keaton assigns error. She asserts that Miss Gwaltney was under a duty "to remonstrate with the driver when the circumstances are such that a man of ordinary prudence would remonstrate," and that a "guest passenger . . . is required to exercise that degree of care for his own safety which a reasonably prudent man would employ under the same or similar circumstances." 1 N. C. Index 2d, Automobiles § 94, pp. 565-566.

While a guest passenger has the duty to exercise ordinary care for his own safety "what constitutes the exercise of ordinary care on the part of a guest passenger depends on the circumstances." *Watters v. Parrish,* 252 N.C. 787, 801, 115 S.E. 2d 1 (1960).

The question of the guest passenger's contributory negligence is an issue for the jury where conflicting inferences may be drawn from the circumstances. *See Jackson v. Jackson,* 4 N.C. App. 153, 166 S.E. 2d 541 (1969). However, in the case at bar there was no evidence presented which raised conflicting inferences with respect to contributory negligence on the part of plaintiff.

Plaintiff testified that Triplett was operating the motorcycle at a lawful rate of speed and in a safe manner. The evidence indicated that she saw Triplett drink part of a beer before they left for the beach.

Although one witness indicated that he thought the motorcycle was going faster than the speed limit at the time of the accident there is no evidence that plaintiff was aware, or in the exercise of due care should have been aware, of Triplett's speeding, or that she had any opportunity to remonstrate with him. *See Norfleet v. Hall,* 204 N.C. 573, 169 S.E. 143 (1933).

There was no evidence that Triplett was under the influence of alcohol, or that he had consumed more than a small quantity of beer. The evidence discloses no circumstances where plaintiff knew, or had reason to know, that Triplett lacked the capacity to operate the motorcycle.

The evidence disclosed no circumstances where plaintiff, acting with the due care of a reasonably prudent person, had reason to be apprehensive as to the manner in which the motorcycle was being operated. [See *Watters v. Parrish, supra.*] There was no proof that a person of ordinary prudence, under the same or similar circumstances, would have remonstrated with the operator, and we hold that the trial court did not err in failing to submit the issue of contributory negligence on the part of the plaintiff to the jury.

We have examined the remainder of defendant's assignments of error, including those with respect to the judge's charge, and we find no error prejudicial to defendant Keaton.

### DEFENDANT TRIPLETT'S APPEAL

[4] Defendant's only contention is that the damages awarded him by the jury were inadequate. His position that the trial court should have added to the verdict or set it aside and award him a new trial is untenable. The court has no power to add to a verdict, and a motion for new trial on the grounds of inadequate damages is addressed to the discretion of the trial judge. No abuse of discretion has been shown, and no error exists.

As to defendant Keaton's appeal we find no error.

As to defendant Triplett's appeal we find no error.

Chief Judge BROCK and Judge PARKER concur.