SOUTHERN RAILWAY COMPANY v. JEFFCO FIBRES, INC.

No. 7819SC704

(Filed 19 June 1979)

1. **Fires § 3; Landlord and Tenant § 10— fire arising out of use of leased building—sufficiency of evidence**

    In an action to recover damages caused when a fire destroyed a freight depot which plaintiff had leased to defendant where defendant contended that, pursuant to the lease agreement, it was not liable for damages to the freight depot caused by fire, unless the loss occurred by reason of, or arises out of or is incidental to the use or occupancy of the property, plaintiff's evidence was sufficient to establish that the fire originated inside the building in an area controlled by defendant and that the loss occurred by reason of or was incidental to defendant's occupancy of the depot where such evidence tended to show that highly inflammable goods were stored in the building; employees of defendant had smoked inside the depot, contrary to provisions of the lease; the

fire originated in the center of the building, smouldered there for some time on the floor and then flared up; and the fire was discovered only a few hours after the defendant's employees had left work.

**2. Trial § 32.1— definition of words in lease—jury instructions not required**

In an action to recover damages caused by a fire in a depot leased by plaintiff to defendant where the lease provided that defendant would be liable for fire loss which occurred "by reason of, or arises out of, or is incidental to, the use or occupancy . . . of the property," there was no merit to defendant's contention that the trial court was required to define "by reason of," "arising out of," and "incidental to" in order for the jury to be apprised of the requirement in the lease as to causation.

**3. Trial § 33.4— jury instructions—review of evidence**

In an action to recover for damages sustained when a fire destroyed a freight depot which plaintiff had leased to defendant, there was no merit in plaintiff's contention that the court's statement of defendant's contentions was not based on evidence in the record, since the import of defendant's testimony that plaintiff intended to tear down the depot was essentially the same as the court's statement that defendant offered evidence that plaintiff intended to abandon the depot.

**4. Rules of Civil Procedure § 59; Trial § 52— adequacy of damages—denial of new trial—no abuse of discretion**

In an action to recover for damages sustained when a fire destroyed a freight depot which plaintiff had leased to defendant, the trial court did not abuse its discretion in denying plaintiff's motion for a new trial made on the ground that the jury's award of $1250 for damages was grossly inadequate since there was evidence that the depot was in extremely poor condition and that plaintiff had planned to tear it down.

APPEAL by both defendant and plaintiff from *Seay, Judge.* Judgment entered 7 February 1978 and order denying defendant's and plaintiff's motions to set aside the verdict entered 14 March 1978 in Superior Court, CABARRUS County. Heard in the Court of Appeals 24 April 1979.

On 24 May 1974, plaintiff brought this action to recover damages caused when a fire destroyed a freight depot which plaintiff had subleased to defendant. Plaintiff alleged that, pursuant to the terms of the lease agreement, defendant was liable for fire damage to the freight depot. The lease agreement provided in pertinent part:

"7. Licensee will not permit smoking within any building of the Company occupied hereunder by Licensee, and will post and maintain in a conspicuous place, or places, within

said premises a sign or signs, reading 'NO SMOKING ALLOWED,' or words of similar import.

\*     \*     \*     \*

9. The liability of the parties to this agreement, as between themselves, for death, personal injury and property loss and damage, which occurs by reason of, or arises out of, or is incidental to, the use or occupancy by Licensee of the property covered by this agreement, shall be determined in accordance with the following provisions.

(a) Licensee shall be solely responsible for, and shall bear all cost, expense and liability resulting from loss of or damage to property by fire, whether or not negligence on the part of Company may have caused or contributed to such loss or damage; . . ."

Defendant answered alleging that it had not caused the fire and was therefore not liable under the terms of the lease agreement for the damage to the depot.

By order of the court, entered 13 November 1974, the following facts were taken as established. On 22 March 1972, the plaintiff leased a freight depot to the defendant for $1,800 per year. On 14 November 1973 the building was totally destroyed by fire.

At trial, plaintiff's evidence tended to show that the defendant used the freight depot to store, sort and sell textile fibers. The depot was built around the turn of the century and was constructed of heavy mill timber. The building was in good condition in 1972 when it was inspected by plaintiff's safety inspector. The wiring was safe and an upgraded circuit breaker had been installed and "No Smoking" signs were posted in the depot. The fire occurred at approximately 7:00 p.m. on 14 November 1973 after all employees had left work. The cause of the fire had not been determined, but two witnesses, who were experts in fire investigation, testified that the fire originated on the floor of the office in the center of the depot. The floor in that area had been burned completely through indicating that the fire began and possibly smouldered there. Cigarette butts were found in the portion of the depot which had not been totally destroyed by fire, and William G. Cash testified that he had seen some of Jeffco's

employees smoking on the premises. The plaintiff presented evidence that the value of the depot prior to the fire was $25,000 to $30,000 and that it would cost over $65,000 to replace it. Plaintiff spent $1,000 to remove the debris from the fire and $8,423.47 to repair a boxcar which was damaged by fire.

At the close of plaintiff's evidence, defendant moved for a directed verdict pursuant to G.S. 1A-1, Rule 50. The court denied defendant's motion.

Defendant presented evidence tending to show that the depot was in very poor condition prior to the fire, that the floorboards were rotten and the wiring gave off sparks, and that plaintiff was considering tearing down the building. Defendant kept the depot clean and enforced the no smoking rules in the depot. Derelicts and vagrants congregated at the depot after closing hours and may have smoked cigarettes there. Two fires near the depot had been caused by sparks from passing trains.

The issues submitted to and answered by the jury were as follows:

"1. Did the plaintiff, Southern Railway Company, sustain any loss of or damage to property by fire, by reason of, or arising out of, or incident to, the use or occupancy by the defendant, Jeffco Fibres, Inc., of the property covered by the lease agreement between the parties dated March 15, 1972?

ANSWER: Yes.

2. If so:

(a) What amount, if any, is the plaintiff entitled to recover for loss or damage to the building?

ANSWER: 1,250.00

(b) What amount, if any, is the plaintiff entitled to for the removal of debris?

ANSWER: 1,000.00

(c) What amount, if any, is the plaintiff entitled to recover for damage to the boxcar?

ANSWER: 8,423.47"

Defendant moved for a judgment notwithstanding the verdict, pursuant to G.S. 1A-1, Rule 50(b), and plaintiff moved to vacate the verdict and for a new trial, pursuant to G.S. 1A-1, Rule 59, on the issue of damages. Both motions were denied.

*Hartsell, Hartsell and Mills by William L. Mills, Jr., for plaintiff appellee.*

*Hedrick, Parham, Helms, Kellam & Feerick by Richard T. Feerick and Edward L. Eatman, Jr. for defendant appellant.*

CLARK, Judge.

[1] Defendant contends that, pursuant to the lease agreement, defendant is not liable for damages to the freight depot caused by fire, unless the loss occurred "by reason of, or arises out of or is incidental to the use or occupancy of the property." Defendant contends that the court erred in denying defendant's motion for a directed verdict since plaintiff's evidence failed to establish that the loss was so caused.

A motion for directed verdict in a jury trial presents the question whether the evidence is sufficient for submission to the jury. *Kelly v. International Harvester Co.,* 278 N.C. 153, 179 S.E. 2d 396 (1971). Upon a motion for directed verdict made by defendant, all the evidence which supports its claim must be taken as true and considered in the light most favorable to plaintiff, giving him the benefit of every reasonable inference which may legitimately be drawn from plaintiff's evidence. *Farmer v. Chaney,* 292 N.C. 451, 233 S.E. 2d 582 (1977); *Ingold v. Carolina Power & Light Co.,* 11 N.C. App. 253, 181 S.E. 2d 173 (1971).

Ordinarily, there is no direct evidence of a cause of a fire and, therefore, causation must be established by circumstantial evidence. *See Stone v. Texas Co.,* 180 N.C. 546, 105 S.E. 425 (1920). "The cause of the fire is not required to be shown by direct and positive proof . . . . It may . . . be inferred from circumstances . . . . It is true that there must be a causal connection between the fire and its supposed origin, but this may be shown . . . from the admitted or known facts . . . ." *Simmons v. Lumber Co.,* 174 N.C. 220, 225, 93 S.E. 736, 738 (1917). The plaintiff's evidence tends to show that highly inflammable goods were stored in the building; that the employees of defendant had

smoked inside the depot and that the fire originated in the center of the building, smouldered there for some time on the floor, and then flared up. The fire was discovered at approximately 7:00 p.m. only a few hours after the defendant's employees had left work. The fire was starting to burn the roof when it was discovered. Taken in the light most favorable to the plaintiff, there is sufficient circumstantial evidence to establish that the fire originated inside the building in an area controlled by defendant, and that the loss occurred by reason of or was incidential to defendant's occupancy of the depot.

[2] Defendant also assigns error to the trial judge's failure to define and explain the legal import of the phrases "by reason of," "arising out of," and "incidental to" which appeared in the lease agreement, and that the jury, therefore, did not know that they were required to find a causal connection between the defendant's use or occupancy of the depot and the plaintiff's loss.

The trial judge charged the jury, in pertinent part, as follows:

"Now, in this case and as to this first issue, the plaintiff, Southern Railway, has the burden insofar as these two things are concerned: First, that if the plaintiff has suffered damages and loss and second, that these damages or losses were incurred by reason of or arose out of or were incident to the occupancy or use by the defendant, Jeffco Fibres, of the premises, herein specifically the old freight depot here in the City of Concord.

Now, Members of the Jury, proof of burning alone is not sufficient to establish liability, for if nothing more appears, the presumption is that the fire was the result of an accident or some providential cause, but, in this particular case, this lawsuit, the matter of this fire is not a matter of negligence, where proof of negligence and proof of proximate cause are involved.

Here there was a lease existing between the parties. That is, plaintiff's Exhibit Number One and Defendant's Exhibit Number Two, which had a provision contained therein as to a fire loss. The lease provides, in part, section nine, the liability of the parties to this agreement as between themselves, for

at the time, personal injury, property loss, and damage, which occurs by reason of or arising out of or is incidental to the use or occupancy by licensee herein, means Jeffco, the defendant, of the property covered by this agreement shall be determined in accordance with the following provisions: (a) Licensee, that is, Jeffco, the defendant, shall be solely responsible for and shall bear all cost and expenses and liability resulting from loss of or damage to property by fire, whether or not negligence on the part of the company, that is, the Southern Railway Company, may have caused to contributed to such loss or damage. . . ."

So, I charge, Members of the Jury, as to this the first issue, that if you find from the evidence and by its greater weight that on or about November 14, 1973, that there existed a lease dated March 15, 1972, between the parties, and that on November 14, 1973, the freight depot building of the Southern Railway was being occupied and used by the defendant, Jeffco, pursuant to this lease and that by reason of the use or the occupancy of the building by Jeffco, or arising out of the use or occupancy of the premises by Jeffco, or incident to the use or occupancy of the building by Jeffco Fibres, that the plaintiff, Southern Railway, suffered loss or damages by reason of the destruction of the freight depot, that is, the burning of the building and the boxcar and that the defendant, Jeffco Fibres, has not borne the cost and expense therefor, it would be your duty to answer the first issue in favor of the plaintiff, having the burden of proof, that is, answer the issue yes. . . ."

Defendant contends that these instructions were insufficient since the Court was required to define the phrases in order for the jury to be apprised of the requirement in the lease as to causation.

It is not error for the court to fail to define and explain words of common usage and meaning to the general public. *See State v. Covington*, 290 N.C. 313, 226 S.E. 2d 629 (1976); *State v. Geer*, 23 N.C. App. 694, 209 S.E. 2d 501 (1974); *State v. Patton*, 18 N.C. App. 266, 196 S.E. 2d 560 (1973); *C.C.T. Equipment Co. v. Hertz Corp.*, 256 N.C. 277, 123 S.E. 2d 802 (1962); 12 Strong's N.C. Index 3d *Trial* § 33.7 (1978).

We find that the terms "by reason of," "arising out of," and "incidental to" are phrases of common usage. While there may be some circumstances that would require a specific definition and explanation of these terms by the trial court in his instructions to the jury, it appears that under the circumstances of this case, the meaning of the terms as were used in the jury instructions was clear and should have been understood by the jury. We find no merit in defendant's second contention.

[3]   Plaintiff assigns as error the trial court's statement of the defendant's contentions in the jury charge. Plaintiff contends that the court was incorrect when it stated that defendant "offered evidence tending to show that immediately before its occupancy, the railroad had considered abandoning the [freight depot]," since there was no evidence in the record that the plaintiff had ever planned to abandon the building. There was, however, evidence presented by Alfred Lonstein, president of Jeffco Fibres, that the plaintiff had planned to tear down the freight depot. Plaintiff contends that the statement in the jury charge that the depot was to be abandoned implied an admission by the plaintiff that the building was worthless, whereas a building that is to be torn down may contain valuable construction material which could be sold or reused. Plaintiff contends that an instruction by the court that there was evidence tending to establish a particular fact which was a material bearing on the issue, when there is no evidence in the record supporting the statement, must be held prejudicial. *In re Will of Atkinson*, 225 N.C. 526, 35 S.E. 2d 638 (1945); *Curlee v. Scales*, 223 N.C. 788, 28 S.E. 2d 576 (1944); 12 Strong's N.C. Index 3d *Trial* § 33 (1978). We find no merit in plaintiff's contention that the court's statement of defendant's contentions was not based on evidence in the record, since the import of the testimony that plaintiff intended to tear down the depot is essentially the same as the court's statement that plaintiff intended to abandon the depot.

[4]   Plaintiff assigns as error the trial court's denial of plaintiff's motion for a new trial, pursuant to G.S. 1A-1, Rule 59, on the issue of damages to plaintiff's building. Plaintiff contends that the jury award of $1,250 for damages to the depot was grossly inadequate since the evidence tended to show that it would cost between $60,000 and $70,000 to replace the depot, and the reasonable value of the depot immediately preceding the fire was over

$25,000 and after the fire it was worthless. A motion for a new trial on the grounds of inadequate damages is addressed to the sound discretion of the trial judge, *Gwaltney v. Keaton*, 29 N.C. App. 91, 223 S.E. 2d 506 (1976), and a ruling by the trial judge will not be set aside except upon a showing of abuse of discretion. *Samons v. Meymandi*, 9 N.C. App. 490, 177 S.E. 2d 209 (1970), *cert. denied*, 277 N.C. 458, 178 S.E. 2d 225 (1971). In light of the evidence that the depot was in extremely poor condition, and that plaintiff had planned to tear it down, we cannot say that the court's denial of the plaintiff's motion for a new trial was in manifest abuse of its discretion. *See Britt v. Allen*, 291 N.C. 630, 231 S.E. 2d 607 (1977). Plaintiff's second assignment of error is overruled. The judgment and the order appealed from are

Affirmed.

Judges VAUGHN and CARLTON concur.