STATE OF NORTH CAROLINA
v.
ARNULFO AGUSTIN

No. COA12-1065

Filed 20 August 2013

1. **Rape—of child—date of offense—motion to dismiss—sufficiency of evidence**

    The trial court did not err by denying defendant's motion to dismiss the charge of rape of a child. There was substantial evidence presented that the offense of rape was committed by defendant on or after 1 December 2008, the effective date of N.C.G.S. § 14-27.2A(a).

2. **Indecent Liberties—motion to dismiss—sufficiency of evidence**

    The trial court did not err by denying defendant's motion to dismiss the charge of indecent liberties with a child. The State presented substantial evidence of each element of the crime. Further, the amendments to Article 81B of Chapter 15A that were noted by defendant did not affect his sentencing for the offense of indecent liberties.

3. **Rape—of child—failure to submit lesser-included offense—first-degree statutory rape—age of defendant**

    The trial court did not commit plain error by failing to submit first-degree statutory rape as a lesser-included offense of rape of a child. The only different element was the age of the defendant, and at trial, there was no dispute that defendant was over eighteen. Rather, defendant's contention was that he did not commit the crime.

4. **Sentencing—indecent liberties with child—improper version of statute—no prejudice**

    Defendant could not demonstrate any prejudice from any alleged error with respect to his sentencing for the crime of indecent liberties with a child. By applying the post 1 December 2009 version of Article 81B of Chapter 15A of the General Statutes, the trial court sentenced defendant at a lower prior record level than he would have been under the prior statute.

5. **Sentencing—rape of child—minimum sentence of 300 months**

    The trial court did not err by sentencing defendant to 300-369 months imprisonment for the rape of a child charge. N.C.G.S. § 15A-1340.17 mandates a minimum sentence of 300 months.

**STATE v. AGUSTIN**

[229 N.C. App. 240 (2013)]

Appeal by defendant from judgment entered 4 April 2012 by Judge Richard D. Boner in Burke County Superior Court. Heard in the Court of Appeals 13 February 2013.

*Attorney General Roy Cooper, by Assistant Attorney General Olga Vysotskaya, for the State.*

*Kevin P. Bradley for defendant-appellant.*

STEELMAN, Judge.

Where there was substantial evidence that defendant committed the offense charged after 1 December 2008, the trial court did not err in submitting the offense of rape of a child to the jury. Where the evidence as to the age of the defendant was uncontroverted, the trial court did not commit plain error in declining to instruct the jury on the lesser included offense of first-degree rape. Where the statute was unambiguous, the trial court did not err in sentencing the defendant.

## I. Factual and Procedural History

From about January 2010 through about April 2010, Arnulfo Agustin (defendant) allegedly raped M.A. She testified that he "put his private into my private" at least twice. She further testified that:

> So he came in and he closed the door. And then I was just there sitting on the floor and then he told me to get up. And I got up so he wouldn't hurt me, because I thought he would hurt me.
>
> Then he told me to pull down my pants, so I pulled it down, because I, I didn't – I thought he would hurt me. So then I – then he told me to spread my legs and I spreaded my legs.
>
> And my, my little cousin [J.] and my brother were in the room. They were playing cars and watching TV at the same time. And he put his private into my private, and then he made me kiss him.
>
> And then my little brother, [D.], he came up to me and tugged on my shirt and said, "[M.A.], what are you doing?"
>
> And he immediately stopped. Then I, I pulled up my pants and then I, I ran out of the room and stayed near my grandma, because I knew he wouldn't do it in front of her.

On 12 September 2011, defendant was indicted for the felonies of rape of a child under N.C. Gen. Stat. § 14-27.2A(a), and taking indecent liberties with a child under N.C. Gen. Stat. § 14-202.1. The jury found defendant guilty of both charges. The trial court determined that the offenses occurred on 1 January 2010, and imposed an active sentence of 300-369 months imprisonment for the rape charge, and a concurrent sentence of 16-20 months imprisonment for the indecent liberties charge.

Defendant appeals.

## II. Denial of Motion to Dismiss

In his first argument, defendant contends that the trial court erred in denying defendant's motion to dismiss. We disagree.

### A. Standard of Review

"This Court reviews the trial court's denial of a motion to dismiss *de novo.*" *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

" 'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.' " *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)), *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980).

"In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995).

"Contradictions and discrepancies do not warrant dismissal of the case; rather, they are for the jury to resolve. Defendant's evidence, unless favorable to the State, is not to be taken into consideration." *State v. Franklin*, 327 N.C. 162, 172, 393 S.E.2d 781, 787 (1990) (citations omitted). Since defendant presented evidence in this case, we review this argument as of the close of all of the evidence. *See State v. Britt*, 87 N.C. App. 152, 154, 360 S.E.2d 291, 292 (1987).

## B. Analysis

**[1]** Defendant was indicted for the crime of rape of a child pursuant to N.C. Gen. Stat. § 14-27.2A(a). This was a new crime enacted by the General Assembly in Session Law 2008-117, section 1. "A person is guilty of rape of a child if the person is at least 18 years of age and engages in vaginal intercourse with a victim who is a child under the age of 13 years." N.C. Gen. Stat. § 14-27.2A(a) (2011). This offense was classified as a B1 felony, with the proviso that "in no case shall the person receive an active punishment of less than 300 months." N.C. Gen. Stat. § 14-27.2A(b). Subsection (e) provided that the offense under N.C. Gen. Stat. § 14-27.2(a)(1) is a lesser included offense. These provisions became effective 1 December 2008, and apply to offenses committed on or after that date.

On appeal, defendant contends that the State's evidence was that the alleged offenses were committed between 2006 and 2009, and that "there is no substantial evidence to support conclusion Defendant-Appellant raped M.A. after the 1 December 2008 effective date of N.C.G.S. § 14-27.2A." Defendant further contends that although N.C. Gen. Stat. § 15-155 states that no judgment shall be reversed "for omitting to state the time at which the offense was committed *in any case where time is not of the essence of the offense*[,]" that since N.C. Gen. Stat. § 14-27.2A only applies to offenses committed after 1 December 2008, that in this case, time is of the essence.

We first of all note that in his brief, defendant acknowledged that there was evidence that the crime of rape occurred between 2006 and 2009. Second, we note that evidence was presented that the rape occurred when M.A.'s younger brother was 3 years old. Since the brother was 5 years old on 19 August 2011, when M.A.'s interview was videotaped, and almost 6 at the time of trial in April 2012, this places the rape as occurring in the latter half of 2009 or early 2010.

We hold that there was substantial evidence presented that the offense of rape was committed by defendant on or after 1 December 2008, and that the trial court did not err in denying defendant's motion to dismiss that charge at the close of all of the evidence.

**[2]** Defendant then makes an argument concerning his conviction for indecent liberties with a child. He does not challenge the sufficiency of the evidence as to any of the elements of that crime. Rather, he notes that there were changes to the provisions of Article 81B of Chapter 15A contained in Session Laws 2009-555 and 2009-556, which applied to offenses committed after 1 December 2009. None of these amendments

affected the substantive elements of the crime of indecent liberties, but only dealt with the lengths of sentences.

We hold that the State presented substantial evidence of each element of the crime of indecent liberties with a child and that the trial court correctly denied defendant's motion to dismiss at the close of the evidence. We further note that the amendments noted by defendant did not affect his sentencing for the offense of indecent liberties.

This argument is without merit.

### III. Failure to Submit the Lesser Included Offense

In his second argument, defendant contends that the trial court committed plain error in failing to submit the lesser included offense of first-degree rape to the jury. We disagree.

### A. Standard of Review

"In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error." N.C.R. App. P. 10(a)(4); *see also State v. Goss*, 361 N.C. 610, 622, 651 S.E.2d 867, 875 (2007), *cert. denied*, 555 U.S. 835, 172 L. Ed. 2d 58 (2008).

> [T]he plain error rule ... is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *"fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done," or "where [the error] is grave error which amounts to a denial of a fundamental right of the accused," or the error has " 'resulted in a miscarriage of justice or in the denial to appellant of a fair trial' " or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty."

*State v. Lawrence*, 365 N.C. 506, 516-17, 723 S.E.2d 326, 333 (2012) (quoting *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983)).

### B. Analysis

**[3]** At trial, defendant did not request that the trial court instruct the

jury on the lesser offense of first-degree rape. Defendant lodged no objection to the court's instructions to the jury, as given. Defendant's arguments on this issue are only reviewed for plain error.

As noted above, N.C. Gen. Stat. § 14-27.2A provides that first-degree statutory rape (N.C. Gen. Stat. § 14-27.2(a)(1)) is a lesser included offense of rape of a child. The elements of the offense of rape of a child are that: (1) the defendant is at least 18 years of age; (2) defendant engages in vaginal intercourse with the victim; and (3) the victim is a child under the age of 13 years. N.C. Gen. Stat. § 14-27.2A(a). The elements of first-degree rape are that: (1) the defendant is at least 12 years old and at least four years older than the victim; (2) defendant engages in vaginal intercourse with the victim; and (3) the victim is a child under the age of 13 years. N.C. Gen. Stat. § 14-27.2(a)(1). Two of the elements of the two offenses are identical (the age of the victim and the requirement of vaginal intercourse). The only different element is the age of the defendant. Under N.C. Gen. Stat. § 14-27.2A, the defendant must be at least 18 years of age, while under N.C. Gen. Stat. § 14-27.2(a)(1), the defendant can be under 18 years of age, a minimum of 12 years of age, but must be at least four years older than the victim.

In the instant case, there was no dispute at trial that defendant was over 18 years of age at the time of the alleged rape. The evidence presented was that M.A. was born 29 August 2001, and thus was 9 years old, or younger, at the time of the alleged rape.

On appeal, defendant argues that since there was no evidence that the offenses took place after 1 December 2008, that "the jury very likely would have opted for the lesser included offense of N.C.G.S. § 14-27.2(a)(1) if given the option." However, the decision on whether to submit a lesser offense rests upon the evidence as to the elements of the principal and lesser offense, not the date of commission of the offense. At trial, there was no dispute as to the age of defendant. Rather, defendant's contention was that he did not commit the crime.

We hold that under plain error review, the trial court did not err in failing to instruct the jury upon the lesser offense of first-degree rape.

This argument is without merit.

## C. Sentencing on Indecent Liberties Charge

[4] Defendant further argues that he was improperly sentenced on the indecent liberties charge because the trial court used the version of Article 81B of Chapter 15A of the General Statutes as amended by

Session Laws 2009-555 and 2009-556 in sentencing defendant. Each of these amendments applied to offenses committed after 1 December 2009. Session Law 2009-555 amended N.C. Gen. Stat. § 15A-1340.14(c), changing the number of prior sentencing points required for each level of felony sentencing. In the instant case, defendant stipulated that he had one prior sentencing point. Under the law for offenses prior to 1 December 2009, defendant would have been a prior record level II. However, under the post 1 December 2009 law, defendant would have been a prior record level I.

Session Law 2009-556 amended the sentencing grid found in N.C. Gen. Stat. § 15A-1340.17(c). However, none of these changes altered the sentences imposed for a Class F felony, in the presumptive range for prior record levels I and II.

By applying the post 1 December 2009 version of Article 81B of Chapter 15A of the General Statutes, the trial court sentenced defendant at a lower prior record than he would have been under the prior statute. Defendant can demonstrate no prejudice from any alleged error with respect to his sentencing for the crime of indecent liberties with a child. We further note that the sentence imposed, 16-20 months, was a proper, presumptive range sentence regardless of whether the pre- or post-1 December 2009 statute was applied.

IV. Duration of Sentence

[5] In his third argument, defendant contends that the trial court erred in sentencing defendant to 300-369 months imprisonment for the rape of a child charge. We disagree.

N.C. Gen. Stat. § 14-27.2A(b) states that a person convicted is guilty of a Class B1 felony, "except that in no case shall the person receive an active punishment of less than 300 months." Defendant contends, however, that the statute is silent as to whether this refers to the minimum or maximum term to be imposed at the time of sentencing, and that therefore the court had discretion to sentence defendant to less 300 months as a minimum sentence.

The statute on its face is clear. "[I]n no case shall the person receive an active punishment of less than 300 months." This language is unambiguous. It mandates a minimum sentence of 300 months, with the corresponding maximum sentence as found in N.C. Gen. Stat. § 15A-1340.17. The sentence of 300-369 imposed by the trial court was in accordance with the statute.

This argument is without merit.

NO ERROR.

Judges GEER and HUNTER, JR. concur.