IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-256

Filed 19 December 2023

McDowell County, Nos. 20 CRS 244–245, 50789

STATE OF NORTH CAROLINA

v.

ROBBIE EUGENE SHUMATE, Defendant.

Appeal by Defendant from judgment entered 13 July 2022 by Judge Bradley B. Letts in McDowell County Superior Court. Heard in the Court of Appeals 28 November 2023.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Christopher R. McLennan, for the State.*

*Gilda C. Rodriguez, for Defendant-Appellant.*

CARPENTER, Judge.

Robbie Eugene Shumate ("Defendant") appeals from judgment after a jury convicted him of discharging a firearm into an occupied vehicle in operation and of possessing of a firearm as a felon. On appeal, Defendant argues the trial court erred by: (1) not instructing the jury on the lesser included offense of discharging a firearm into an occupied vehicle; (2) not defining "in operation" during its jury instructions; and (3) denying Defendant's motion to dismiss. After careful review, we disagree with Defendant and find no error.

## I. Factual & Procedural Background

On 3 August 2020, a McDowell County grand jury indicted Defendant for discharging a firearm into an occupied vehicle in operation, possessing a firearm as a felon, and being a habitual felon. On 11 July 2022, the State tried Defendant in McDowell County Superior Court.

Evidence at trial tended to show the following. On 8 June 2022, Defendant's former girlfriend and two accomplices (collectively, the "Intruders") agreed to enter Defendant's property to take a puppy from Defendant's home. After driving a vehicle onto Defendant's property, the Intruders called for Defendant's puppy, the puppy entered the Intruders' vehicle, and the Intruders attempted to drive away.

But when the Intruders attempted to drive away, their vehicle "almost fell off a ledge on the driveway," so they had to stop. From there, testimony differed. One Intruder testified that Defendant approached the vehicle with a rifle. And while the vehicle was running, Defendant fired the rifle through the rear passenger-side window. On the other hand, Defendant testified that he did not have a rifle when he approached the vehicle. Rather, he attempted to grab a rifle from one of the Intruders, and the rifle accidentally fired. Defendant did not dispute that the vehicle's engine was running or that an Intruder was in the driver's seat.

The trial court instructed the jury on discharging a firearm into an occupied vehicle in operation, but the trial court did not instruct the jury on the lesser included offense of discharging a firearm into an occupied vehicle. The trial court also did not

instruct the jury on the meaning of "in operation." Defendant did not object to the trial court's instructions.

The jury found Defendant guilty of discharging a firearm into an occupied vehicle in operation and of possessing a firearm as a felon. Defendant admitted to attaining habitual-felon status. On 13 July 2022, the trial court entered a consolidated judgment, sentencing Defendant to between 96 and 128 months of imprisonment. That same day, Defendant gave oral notice of appeal in open court.

## II. Jurisdiction

This Court has jurisdiction under N.C. Gen. Stat. § 7A-27(b)(1) (2021).

## III. Issues

The issues on appeal are whether the trial court erred by: (1) not instructing the jury on the lesser included offense of discharging a firearm into an occupied vehicle; (2) not defining "in operation" during its jury instructions; and (3) denying Defendant's motion to dismiss.

## IV. Analysis

### A. Lesser Included Offense

Defendant first argues that the trial court erred by failing to instruct the jury on the lesser included offense of discharging a firearm into an occupied vehicle. We disagree.

Defendant failed to object to the trial court's jury instructions; therefore, we review the instructions for plain error. *State v. Wright*, 252 N.C. App. 501, 506, 798

S.E.2d 785, 788 (2017) ("Because Defendant failed to object to the trial court's jury instructions, our review of this issue is limited to plain error."); *State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) ("[T]he plain error standard of review applies on appeal to unpreserved instructional or evidentiary error.").

To find plain error, this Court must first determine that an error occurred at trial. *See State v. Towe*, 366 N.C. 56, 62, 732 S.E.2d 564, 568 (2012). Second, the defendant must demonstrate the error was "fundamental," which means the error probably caused a guilty verdict and "'seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings.'" *State v. Grice*, 367 N.C. 753, 764, 767 S.E.2d 312, 320–21 (2015) (quoting *Lawrence*, 365 N.C. at 518–19, 723 S.E.2d at 334–35). Notably, the "'plain error rule . . . is always to be applied cautiously and only in the exceptional case . . . .'" *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir. 1982)).

"An instruction on a lesser-included offense must be given only if the evidence would permit the jury rationally to find defendant guilty of the lesser offense and to acquit him of the greater." *State v. Millsaps*, 356 N.C. 556, 561, 572 S.E.2d 767, 771 (2002). "The test is whether there 'is the presence, or absence, of any evidence in the record which might convince a rational trier of fact to convict the defendant of a less grievous offense.'" *Id.* at 562, 572 S.E.2d at 772 (quoting *State v. Wright*, 304 N.C. 349, 351, 283 S.E.2d 502, 503 (1981)).

"The elements of discharging a firearm into an occupied vehicle while in operation are (1) willfully and wantonly discharging (2) a firearm (3) into an occupied vehicle (4) that is in operation." *State v. Juarez*, 369 N.C. 351, 357 n.2, 794 S.E.2d 293, 299 n.2 (2016) (citing N.C. Gen. Stat. § 14-34.1(b)). The crime is codified in section 14-34.1, but "in operation" is undefined in the body of the statute. *See* N.C. Gen. Stat. § 14-34.1 (2021). And until now, our Court has only defined "in operation" through an unpublished case, *see State v. Garner*, 2013 N.C. App. LEXIS 1080 at *20–21 (Oct. 15, 2013), and in other statutory contexts, *see, e.g., State v. Fields*, 77 N.C. App. 404, 406–07, 335 S.E.2d 69, 70 (1985) (discussing "operating" and "operator" concerning section 20-138.1).

Although unpublished, we think the *Garner* Court took the correct approach in defining "in operation." *See Garner*, 2013 N.C. App. LEXIS 1080 at *20–21 (using a dictionary to define "operation"). This is because when examining statutes, words undefined by the General Assembly "must be given their common and ordinary meaning." *In re Clayton-Marcus Co.*, 286 N.C. 215, 219, 210 S.E.2d 199, 202–03 (1974). And absent precedent, we look to dictionaries to discern a word's common meaning. *Midrex Techs., Inc. v. N.C. Dept. of Rev.*, 369 N.C. 250, 258, 794 S.E.2d 785, 792 (2016).

Merriam-Webster's defines "operation" as "the quality or state of being functional or operative." *Operation*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2003). Although this definition is a bit circular, we understand its

application to a vehicle to mean this: A vehicle is "in operation" if it is "in the state of being functional," i.e., if it can be driven under its own power. *See id.* For a vehicle to be driven, there must be a person in the driver's seat, and its engine must be running.

Defendant, however, suggests that "in operation" means the vehicle must be moving. But this would create absurd results. For example, if someone shot into a vehicle temporarily stopped at a redlight, it would be unreasonable to say the vehicle was not "in operation." Accordingly, until the General Assembly adopts a different definition, we hold that "in operation" carries its common meaning: For a vehicle to be in operation, a person must be in the driver's seat with the vehicle's engine running.

Here, the State charged Defendant with discharging a firearm into an occupied vehicle in operation, and the trial court declined to instruct the jury on the lesser included offense of discharging a firearm into an occupied vehicle. Because the only difference between the charges is whether the vehicle was "in operation," the question here is whether "the evidence would permit" a rational jury to find the Intruders' vehicle was not in operation. *See Millsaps*, 356 N.C. at 561, 572 S.E.2d at 771; N.C. Gen. Stat. § 14-34.1(a)–(b).

Defendant presented no evidence indicating the Intruders' vehicle engine was off or that no one was in the driver's seat. Indeed, the only evidence concerning these two questions was testimony in the affirmative. In other words, there is no "evidence

in the record which might convince a rational trier of fact" that the Intruders' vehicle was not "in operation." *See Millsaps*, 356 N.C. at 562, 572 S.E.2d at 772; N.C. Gen. Stat. § 14-34.1(a)–(b). Therefore, the trial court did not err by failing to instruct the jury on the lesser included offense of discharging a firearm into an occupied vehicle. *See Millsaps*, 356 N.C. at 562, 572 S.E.2d at 772.

## B. Defining "In Operation"

Defendant next argues that the trial court erred because it failed to define "in operation" during its jury instruction. We disagree.

Defendant's "in operation" argument also concerns the trial court's jury instructions, which we must review for plain error because Defendant failed to object at trial. *See Wright*, 252 N.C. App. at 506, 798 S.E.2d at 788.

"It is the duty of the trial court to instruct the jury on the law applicable to the substantive features of the case arising on the evidence . . . ." *State v. Robbins*, 309 N.C. 771, 776–77, 309 S.E.2d 188, 191 (1983). But "'[i]t is not error for the court to fail to define and explain words of common usage and meaning to the general public.'" *State v. Mylett*, 262 N.C. App. 661, 676, 822 S.E.2d 518, 530 (2018) (quoting *S. Ry. Co. v. Jeffco Fibres, Inc.*, 41 N.C. App. 694, 700, 255 S.E.2d 749, 753 (1979)).

As detailed above, "in operation" under section 14-34.1 carries its common meaning. Therefore, the trial court did not err by failing to explain "in operation" during its jury instructions. *See id.* at 676, 822 S.E.2d at 530.

## C. Motion to Dismiss

In his final argument, Defendant asserts the trial court erred when it failed to grant his motion to dismiss the charge of discharging a firearm into an occupied vehicle in operation. Again, we disagree.

"This Court reviews the trial court's denial of a motion to dismiss de novo." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). Under a de novo review, "'the court considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (quoting *In re Greens of Pine Glen, Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

"'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.'" *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (2000) (quoting *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993)). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980).

In evaluating the sufficiency of the evidence concerning a motion to dismiss, the evidence must be considered "'in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom . . . .'" *State v. Winkler*, 368 N.C. 572, 574–75, 780 S.E.2d 824, 826

(2015) (quoting *State v. Powell*, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980)). In other words, if the record developed at trial contains "substantial evidence, whether direct or circumstantial, or a combination, 'to support a finding that the offense charged has been committed and that the defendant committed it, the case is for the jury and the motion to dismiss should be denied.'" *Id.* at 575, 780 S.E.2d at 826 (quoting *State v. Locklear*, 322 N.C. 349, 358, 368 S.E.2d 377, 383 (1988)).

"'Contradictions and discrepancies do not warrant dismissal of the case; rather, they are for the jury to resolve. Defendant's evidence, unless favorable to the State, is not to be taken into consideration.'" *State v. Agustin*, 229 N.C. App. 240, 242, 747 S.E.2d 316, 318 (2013) (quoting *State v. Franklin*, 327 N.C. 162, 172, 393 S.E.2d 781, 787 (1990)).

Again, "[t]he elements of discharging a firearm into an occupied vehicle while in operation are (1) willfully and wantonly discharging (2) a firearm (3) into an occupied vehicle (4) that is in operation." *Juarez*, 369 N.C. at 357 n.2, 794 S.E.2d at 299 n.2 (citing N.C. Gen. Stat. § 14-34.1(b)).

Here, the State offered testimony concerning each element of discharging a firearm into an occupied vehicle in operation. An Intruder testified that Defendant deliberately fired a gun into a vehicle while the vehicle's engine was running and while an Intruder was in the driver's seat. *See Juarez*, 369 N.C. at 357 n.2, 794 S.E.2d at 299 n.2. This evidence is substantial because it is relevant, and a "reasonable mind

might accept [it] as adequate to" conclude that Defendant discharged a firearm into an occupied vehicle in operation. *See Smith*, 300 N.C. at 78, 265 S.E.2d at 169.

Therefore, the trial court did not err by denying Defendant's motion to dismiss because the State presented substantial evidence "of each essential element of the offense charged" and of Defendant "being the perpetrator of such offense." *See Fritsch*, 351 N.C. at 378, 526 S.E.2d at 455.

## V.    Conclusion

We conclude that the trial court did not err by failing to instruct the jury on the lesser included offense of discharging a firearm into an occupied vehicle, by not defining "in operation" during its jury instructions, or by denying Defendant's motion to dismiss.

NO ERROR.

Judges COLLINS and WOOD concur.